# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| EDWARD DEAN PASS, : | |
| Plaintiff, : | |
| : | NO. 5:09-CV-121 (WLS) |
| VS. : | |
| BRIAN OWENS, *et al.,* : | |
| : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed by Defendants Commissioner Brian Owens, Warden Bruce Chatman, and Dr. Caleb Ajibade. Doc. 20. For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED**.

FACTUAL AND PROCEDURAL BACKGROUND

In view of the evidence, and taken in the light most favorable to Plaintiff, the facts of this case are as follows: At the time of the alleged conduct giving rise to this action, the Plaintiff was incarcerated at Scott State Prison (SSP) in Milledgeville, Georgia. At that time, Defendant Dr. Caleb Ajibade was the facility's Medical Director as well as one of the Plaintiff's physicians. On October 23, 2008, the Plaintiff was transported from SSP to the Augusta State Medical Prison (ASMP) for a prostate biopsy. The biopsy was completed on October 28, 2008. On November 4, 2008, following his return to SSP, the Plaintiff met with and discussed the results of the biopsy with Dr. Ajibade. The results of the biopsy indicated that the Plaintiff did, in fact, have prostate cancer. As a result, and after discussing the cancer diagnosis with the Plaintiff, Dr. Ajibade arranged for him to see a urologist on December 3, 2008.

On December 4, 2008, the Plaintiff had another meeting with Dr. Ajibade to discuss the urologist's findings. Shortly thereafter, and in accordance with a request made by the urologist, the Plaintiff was x-rayed. On January 20, 2009, the Plaintiff underwent a periodic physical exam. On January 21, 2009, the Plaintiff returned to the urologist for further evaluation. As a result of this evaluation, the urologist recommended that the Plaintiff be sent to an oncologist for radiation therapy.

Upon receipt of this treatment recommendation, and in accordance with the Georgia Department of Corrections (GDOC) Policy, Dr. Ajibade completed a consult request asking the GDOC Utilization Review Board to approve the recommended treatment. On February 11, 2009, the request was denied. On February 19, 2009, after learning of the denial, Dr. Ajibade contacted the GDOC Statewide Medical Director to discuss the Board's decision. As a result, and later that same day, Dr. Ajibade's request for the Plaintiff to receive radiation treatment was approved. Consequently, on March 6, 2009, the Plaintiff was transported Just Care, a cancer treatment facility, where he underwent radiation and other cancer treatment until December 23, 2009.

On March 30, 2009, the Plaintiff's Complaint was received and filed into the record of this Court. Doc. 2. Therein, the Plaintiff declared that Dr. Ajibade had been continuously deliberately indifferent to his serious medical needs from "November 26, 2008 to present." More specifically, he alleged that Dr. Ajibade ignored the urologist's recommendation that the Plaintiff undergo radiation treatment. As a result of this alleged ongoing denial of treatment, the Plaintiff states that his cancer was allowed to progress, that he suffered severe pain, and that he lost the ability to engage in everyday activities. Consequently, the Plaintiff demands compensatory and punitive damages as well as injunctive relief. In response, and after waiving service and filing an answer, the Defendants filed a Motion for Summary Judgment.

DISCUSSION

The Plaintiff has failed to present evidence sufficient to create a genuine issue of material fact with regard to his claim. To establish a violation of the Eighth Amendment related to medical treatment, a prisoner must allege acts or omissions sufficiently harmful to evidence "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994) ), *overruled in part on other grounds,* Hope v. Peltzer, 536 U.S. 730 at 739 (2002), (citing Wilson v. Seiter, 501 U.S. 294 (1991) (subjective component), Whitley v. Albers, 475 U.S. 312 (1986)(subjective component), and Rhodes v. Chapman, 452 U.S. 337 (1981)(objective component). To satisfy the objective component, a prisoner must demonstrate that he has a serious medical need. Id. See also Hudson v. McMillian, 503 U.S. 1, 9 (1992)); Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). To satisfy the subjective component, a prisoner must show that a defendant knowingly and intentionally refused to provide treatment for the aforementioned need. Hill, 40 F.3d at 1186; Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989). See also Farmer v. Brennan, 511 U.S. 825 (1994)(noting that deliberate indifference requires a sufficiently culpable state of mind and can only be satisfied by showing that a prison official knew of and disregarded an excessive risk to inmate health or safety); Cottrell v. Caldwell, 85 F.3d 1480, 1490-91 (11th Cir. 1996).

Here, and despite his arguments to the contrary, the Plaintiff's undisputed medical records, along with many of his own allegations, provide a detailed account of Dr. Ajibade's tenacious, and ultimately successful, efforts to ensure that the Plaintiff received all necessary medical care and treatment. As such, the Plaintiff's assertion that Dr. Ajibade ignored the urologist's treatment recommendations or deliberately refused to provide him with adequate medical care and treatment is patently without merit.

Moreover, and in view of the above, it is apparent that the Plaintiff's claims against Defendants Owens and Chatman are also without merit and must fail. Accordingly, and because it appears that the Defendants are entitled to judgment as a matter of law, **IT IS RECOMMENDED** that their Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 20th day of January, 2011.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge