**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| EDWARD DEAN PASS, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> BRIAN OWENS, *et al.*, : <br> : <br> Defendants. : <br> _____: | CASE NO.: 5:09-cv-121 (WLS) |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Charles H. Weigle, filed January 20, 2011. (Doc. 24). It is recommended that Defendants' Motion for Summary Judgment (Doc. 20), filed in Plaintiff's 42 U.S.C. § 1983 action (*see* Doc. 2), be granted for failure to establish a violation of his Eighth Amendment prisoner right to medial treatment. (Doc. 24 at 1, 3-4). Plaintiff timely filed objections to Judge Weigle's Recommendation on January 31, 2011, and February 1, 2011. (Docs. 25, 26).

In the Recommendation, Judge Weigle finds that the undisputed evidence of record demonstrates, contrary to Plaintiff's allegations, that Defendant Ajibade "tenacious[ly], and . . . successful[ly] . . . ensure[d] that the Plaintiff received all necessary medical care and treatment" for his prostate cancer once it was diagnosed. (Doc. 24 at 3 (highlighting that Plaintiff saw a urologist and received radiation treatment as a result of Defendant Ajibade's efforts and advocacy on Plaintiff's behalf)). Accordingly, Judge Weigle concludes that "Plaintiff's assertion that Defendant Ajibade ignored the urologist's treatment recommendations or deliberately refused to provide him with adequate medical care and treatment is patently without merit."

1

(Doc. 24 at 3). This conclusion supports Judge Weigle's finding that Plaintiff's claims against Defendants Owens and Chatman are similarly without merit. (Doc. 24 at 4).

In his objections, Plaintiff argues that Defendant Ajibade could have aided Plaintiff more than he actually did. (Doc. 25 at 1). He contends that despite his extensive communication with prison officials and repeated requests for surgery from 2005 to 2009, he was denied early treatment to prevent his cancer from spreading and that as a result, the cancer has spread to other parts of his body, causing him to suffer greatly. (Doc. 25 at 2). For the first time, Plaintiff also complains of the LuPron shots administered as part of his prostate cancer treatment, allegedly without his knowledge of its side effects, which have "castrated" him. (Doc. 25 at 3). The Court disagrees with Plaintiff's objections.

The Court finds that Plaintiff received all of the necessary treatment and considering the logistical barriers and policies characteristic of state prison systems, did so without any unreasonable delay. As established by the Recommendation, Defendant Ajibade was actively engaged in Plaintiff's treatment course from the moment he discussed Plaintiff's cancer diagnosis with Plaintiff in November 2008. A month after the diagnosis, Plaintiff met with an urologist with whom Defendant Ajibad had arranged for him to meet and was also x-rayed. By the start of March 2009, due to Defendant Ajibad's efforts to persuade the Georgia Department of Corrections Utilization Review Board to approve the recommended radiation treatment for Plaintiff after its first denial of the recommendation, Plaintiff underwent radiation treatment until December 2009. Furthermore, a review of Plaintiff's statement of undisputed material facts in response to Defendants' Motion for Summary Judgment even reveals that Plaintiff was not given the treatment he requested from 2005 to 2008, not because of any deliberate indifference on behalf of Defendants, but because the blood tests and initial biopsies performed on Plaintiff

2

during that time period did not indicate signs of cancer. (Doc. 22 at 1-2). This explains why the appropriate treatment course for Plaintiff began only after the October 28, 2008 biopsy indicated that Plaintiff had cancer.

Based on Plaintiff's allegations in his Complaint (Doc. 2), statement of material facts (Doc. 22) in response to Defendants' Motion for Summary Judgment, and objections (Docs. 25-26) to Judge Weigle's Recommendation, the Court, therefore, cannot find any reason to depart from the legally sound findings and recommendation of Judge Weigle that Defendants did not knowingly and intentionally refuse to treat Plaintiff's cancer. A review of the record simply does not support a finding that there is a material factual dispute regarding whether Defendants were deliberately indifferent to Plaintiff's serious medical condition.

For these reasons, Plaintiff's objections (Docs. 25-26) are **OVERRULED** and United States Magistrate Judge Weigle's January 20, 2011 Report and Recommendation (Doc. 24) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, Defendants' Motion for Summary Judgment (Doc. 20) is **GRANTED**, and Plaintiff's Complaint (Doc. 2) is **DISMISSED WITH PREJUDICE**.

SO ORDERED, this 3rd day of February 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**